

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET, Room 5-189
NEW YORK, NY 10007

JERALD HOROWITZ
Senior Counsel

Tel: (212) 442-0589
Fax:(212) 791-9714
email: jhorowit@law.nyc.gov

December 24, 2007

**BY MESSENGER**
Hon. Leonard B. Sand
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:  Global Network Comm. v. City of New York, et anno,
            07 Civ. 11209 (LBS)

Your Honor:

      On behalf of defendants the City of New York ("the City") and the Department of Information Technology and Telecommunications of the City of New York ("DoITT"), we write to respond to the letter of plaintiff's counsel Joseph P. Garland dated December 24, 2007, concerning plaintiff's request for an expedited conference and preliminary injunction hearing. As discussed more fully below, this request is not appropriate for the following reasons: (1) a motion for similar injunctive relief is pending before the Second Circuit Court of Appeals; (2) the plaintiff failed to serve the summons and complaint and therefore has not obtained personal jurisdiction of the defendants; (3) the plaintiff does not have standing to assert the claims made in the instant complaint; and (4) the plaintiff does not have a pending motion before the Court.

A.    **Plaintiff Has a Pending Motion for Injunctive Relief before the Second Circuit.**

      After the enactment of New York City Local Law 68 of 1995, the plaintiff Global Network Communications, Inc. ("Global") applied for a franchise to operate and legalize its public pay telephone ("PPT") locations on City sidewalks. While its application was being considered, Global's chief executive and sole shareholder, Ronald Massie ("Massie"), admitted

in criminal proceedings that Global relied on organized crime figures to further its business and committed fraud against its business associates and that Massie was involved in other illegal activities. Based in part on these admissions, the City denied Global a franchise. This denial was upheld in New York Article 78 proceedings, and later upheld by the Hon. Louis L. Stanton in an opinion and order on the City's motion for summary judgment. This judgment is now on appeal to the Second Circuit.

Without a franchise, Global has no right to operate PPTs on the City's streets. See New York City Administrative Code Section 23-402. As a result, the City notified Global by letter dated November 19, 2007, that 41 of its 700 PPTs would be removed if Global did not remove them first. On December 13, 2007, Global filed the instant action (07-cv-11209) in the District Court for the Southern District of New York. It asserted new claims that the City prevented Global from selling sidewalk PPT locations and its proposed buyer from buying such locations. At the same time, Global applied for a temporary restraining order prohibiting the City from removing any of Global's PPTs from the City's streets. After a conference on the matter, the District Court (Cote, J.) denied the application.

In a conference call on December 14, 2007, Judge Stanton indicated that he would have entertained an application for a temporary restraining order in the prior case, currently on appeal. However, as Global linked the two cases and received a ruling, Judge Stanton indicated that plaintiff's avenue of relief with respect to the denial of the temporary restraining order is to the Court of Appeals.

On December 17, 2007, Global moved before the Second Circuit for injunctive relief prohibiting the City from removing any of its PPTs. On December 19, 2007, after the City filed responsive papers, the Hon. Reena Raggi of the Second Circuit denied Global's motion. On December 20, 2007, Global moved for consideration of its motion by a full panel of the Second Circuit. This motion is now pending.

**B.     The Summons and Complaint was not Served.**

A summons shall be served together with a copy of the complaint. Fed. R. Civ. P. Rule 4. The defendants have not been served with the summons and complaint. Accordingly, plaintiff has not obtained in personam jurisdiction of the defendants.

**C.     Plaintiff does not have Standing.**

In its complaint, Global asserts that the City's unwillingness to offer a franchise to a prospective purchaser of its payphones was unlawful. These claims are based on settlement discussions amongst the parties in the action 03civ7934 (LLS). In an attempt to settle the claims in the action, Global offered to sell its PPTs to a (supposedly) bona fide third party. Global's apparent dissatisfaction with the City's settlement position does not give rise to a claim of a denial of an opportunity to sell its assets.

Global lacks any right to be involved in a sale of PPT locations outside of a settlement context. Any right Global had to sell its PPTs expired long ago. Pursuant to local rule 67 RCNY § 6-23(ii), Global had 60 days following receipt of the 2005 Notice of the Commissioner's Final Determination denying Global's application for a PPT franchise to enter

into an agreement to sell certain of its PPTs located on City sidewalks. This 60-day period long ago expired. Thus, Global has no remaining entitlement to the locations and now occupies them illegally. Global does not have standing to assert the rights of others who may want a franchise with the City.

**D.  There is no pending motion for Injunctive Relief before the Court.**

Contrary to plaintiff's assertion, the motion for a preliminary injunction did not remain after Judge Cote denied the temporary restraining order. The endorsement by Judge Cote denied the application in toto. No provisions were made for service of papers, scheduling of briefing, or a hearing date. Accordingly, there is no pending motion for a preliminary injunction before the Court.

For the reasons set forth herein, defendants respectfully that plaintiff's request be denied, or alternatively that a conference be scheduled after January 7, 2007 when the defendant's lead attorney Diana Murray returns from her vacation.

Respectfully submitted,

Jerald Horowitz (JH8395)  
Assistant Corporation Counsel

Cc:  Joseph P. Garland, Esq.  
(by e-mail)