UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GLOBAL NETWORK COMMUNICATIONS, INC.,           :
                                               :
                    Plaintiff,                 :
                                               :  07 Civ. 11209 (LBS) (MP)
     - against -                               :
                                               :
CITY OF NEW YORK and CITY OF NEW YORK          :
DEPARTMENT OF INFORMATION TECHNOLOGY           :
AND TELECOMMUNICATIONS,                        :
                                               :
                    Defendants.                :
                                               :
                                               :
-----------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR RECONSIDERATION</u>**



LAW OFFICE OF JOSEPH P. GARLAND
Joseph P. Garland – JG0888
275 Madison Avenue, Suite 420
New York, New York 10016
(212) 213-1812

Attorneys for Plaintiff

# **Table of Contents**

Table of Contents ........................................................................................................... 1

    I.   Argument ............................................................................................................ 1

    II.  Conclusion ......................................................................................................... 3

Plaintiff, Global Network Communications, Inc. ("Global"), by its attorneys, submits this Memorandum of Law in support of its motion pursuant to Local Civil Rule 6.3 for reargument and reconsideration of the Court's January 22, 2008 decision staying consideration of Global's application for a preliminary injunction against Defendants City of New York ("City") and the City of New York Department of Information Technology and Telecommunications ("DoITT") (jointly "Defendants" or the "City").

## I.  ARGUMENT

Global applied for a preliminary injunction to halt the continued removal of its public pay telephones by the City. After considering papers submitted by the parties and hearing oral argument (as well as post-argument submissions), the Court stayed its decision on Global's application in light of the pendency of an appeal taken in an earlier case between the parties in which Global challenges the Court's grant of the City's motion for summary judgment.

For reasons set forth in Global's papers and at oral argument, Global believes that the grant of an injunction is appropriate notwithstanding the pendency of the appeal and independent of the issues raised on the appeal. The Court rejected the independent ground asserted by Global as a basis for its claim, i.e., that Global is a Payphone Service Provider and as such enjoys the protections set forth in the Telecom Act which the City is violating in refusing to allow Global to sell its pay telephone assets. The Court wrote:

> Having been denied a franchise and, thus, the ability to legally occupy City sidewalks, Global has only its payphone equipment, unrelated to any sidewalk locations, to sell. *As such, it is merely a vendor of supporting services and is not within the zone of interests protected or regulated by the TCA. See Underground Construction Co. v. City and County of San Francisco,* 2002 U.S. Dist. LEXIS 12994[, 2002 WL 1585628, at *2] (N.D. Cal. July 15, 2002) (construction company that installs conduit for telecommunication providers has no standing to assert T[C]A claims). Thus, Global lacks standing to assert claims under the TCA on its own behalf as well.

Slip op., at 9-10, 2008 WL 215892 at *5 (emphasis added).

The injury that Global has suffered to date will continue in the absence of an injunction. The Court, in Global's view, made a fundamental error when it characterized Global as "merely a vendor of supporting services." In *Underground Construction*, Judge Chesney wrote that "Underground is not a company that provides or seeks to provide telecommunications services. Rather, Underground is a construction company that installs conduit for telecommunication providers. As such, Underground is not 'within the zone of interest protected or regulated by the statute or constitutional guarantee in question.' *See Hong Kong*[ *Supermarket v. Kizer*]*,* 830 F.2d [1078] at 1081 [(9th Cir. 1989)]." Global, by contrast, is providing a "telecommunications service," i.e., the ability of users to make telephone calls in exchange for paying Global the required amount.

Global would like to present these issues to the Court of Appeals. The Court decided that "[a] stay [of the preliminary injunction application] herein is warranted at this time as a decision by the Second Circuit addressing the preliminary injunction application and the appeal of Judge Stanton's summary judgment decision will be binding on the parties." Slip op., at 12, 2008 WL 215892 at *7.

> Global's primary claim of harm resulting from not being able to sell to a purchaser of its choice depends exclusively on the existence of a valid PPT franchise from the City, and thus this Court must stay decision on Global's request for a preliminary injunction and the City's request for a dismissal of the complaint pending decision by the Second Circuit on that very issue.

Slip op., at 12, 2008 WL 215892 at *7.

The Court stayed its decision instead of denying (or granting) the motion, even with leave to renew in light of what the Second Circuit did in the first case. Such a stay is the equivalent of

2

a denial. There is a question as to whether the order is sufficient to permit Global to appeal it to the Second Circuit pursuant to section 1292(a)(1) of the Judicial Code.

> [T]he courts of appeals shall have jurisdiction of appeals from:
>
> > (1) Interlocutory orders of the district courts of the United States . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . ..

28 U.S.C. § 1292(a)(1). In the interest of certainty, Global therefore requests that the Court reconsider its decision to stay consideration of Global's preliminary injunction application and, assuming its conclusions on the merits of Global's claims remain unchanged, deny it with leave to renew based upon the results of its pending appeal. This is the effect of the Court's Order.

## II. **CONCLUSION**

For the reasons set forth herein, the Court should grant Global's motion for reconsideration and, upon such reconsideration, grant or deny Global's application for a preliminary injunction.

Dated: February 1, 2008

                      Respectfully submitted,

                      LAW OFFICE OF JOSEPH P. GARLAND

                      By: _____/S/_____
                            Joseph P. Garland – JG0888
                      275 Madison Avenue, Suite 420
                      New York, New York 10016
                      (212) 213-1812

                      Attorneys for Plaintiff