UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

GLOBAL NETWORK COMMUNICATIONS, INC.,

                                        Plaintiff,
                                                        07 CV 11209 (LBS)

                        -v-

CITY OF NEW YORK; CITY OF NEW YORK
DEPARTMENT OF INFORMATION TECHNOLOGY
AND TELECOMMUNICATIONS.

                                        Defendants.

----------------------------------------------------------------------- x


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR RECONSIDERATION


                                MICHAEL A. CARDOZO
                                Corporation Counsel of the City of New
                                York, Attorney for Defendants
                                By:    DIANA M. MURRAY
                                        Assistant Corporation Counsel
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-1278


GABRIEL TAUSSIG,
ROBIN BINDER,
DIANA MURRAY,
        Of Counsel.

February 11, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GLOBAL NETWORK COMMUNICATIONS, INC.,

                                        Plaintiff,
                                                        07 CV 11209 (LBS)

                    -v-

CITY OF NEW YORK; CITY OF NEW YORK
DEPARTMENT OF INFORMATION TECHNOLOGY
AND TELECOMMUNICATIONS.

                                        Defendants.


------------------------------------------------------------------------ x


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR RECONSIDERATION**

**PRELIMINARY STATEMENT**

      By Memorandum and Order dated January 22, 2008, the Court held that plaintiff Global Network Communications, Inc. ("Global") lacked standing to assert claims against defendants the City of New York and its Department of Information Technology and Telecommunications (collectively, "the City") based on the denial of a franchise for public payphones on City streets to a third party purchaser and rejected the remaining claims, alleging a "barrier to exit," constitutional violations and violation of the New York Public Service law, based on collateral estoppel. The Court also held that having been denied a franchise and the 60-day period in which to enter an agreement to sell having long expired, Global has no remaining entitlement to any locations on City streets and now occupies them illegally. With only payphone equipment unrelated to any sidewalk locations to sell, the Court concluded that Global

is "merely a vendor of supporting services" and not protected by the federal Telecommunications Act ("TCA").  Finally, the Court held that because Global's primary claim of harm herein depends exclusively on the existence of a valid franchise, an issue currently pending before the Second Circuit in <u>Global Network Communications, Inc. v. City of New York</u>, 03 CV 7934 (the "prior action"), plaintiff's motion for a preliminary injunction to enjoin defendants from removing public pay telephones belonging to Global located on City sidewalks, as well as the City's cross-motion to dismiss, should be stayed pending decision by the Second Circuit.

Global now moves for reconsideration on the ground that the Court made a fundamental error in characterizing Global as "merely a vendor of supporting services," when as a "Payphone Service Provider," Global allegedly has an independent basis of recovery under the TCA which is unrelated to the issues before the Second Circuit.  Alternatively, in the event that the Court does not grant a preliminary injunction, Global requests that its preliminary injunction motion be denied, with leave to renew pending decision by the Second Circuit in the prior case, in order to eliminate any question as to Global's ability to present "these issues" to the Second Circuit.

As discussed below, plaintiff fails to provide a basis for reconsideration of the decision to stay the motion for a preliminary injunction, and the motion for reconsideration should be denied.

**ARGUMENT**

**PLAINTIFF'S           MOTION           FOR
RECONSIDERATION SHOULD BE DENIED**

It is well settled that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Moreover, Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). See also EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (a party should not be allowed to use a reconsideration and reargument motion as a substitute for appealing from a final judgment).

The policy underlying these principles is "to ensure finality and to prevent losing parties from raising matters that already have been rejected." See Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). Thus, motions for reconsideration are not to be used as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). See also Ferrand v. Credit Lyonnais, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003), aff'd 110 Fed. Appx. 160 (2d Cir. 2004). Rather, a motion for reconsideration should be granted only in "extraordinary circumstances," Pichardo v. Ashcroft, 374 F.3d 46, 54 (2d Cir. 2004), where necessary to "correct a clear error or prevent manifest injustice," Doe v. New York City Dep't of Soc. Servs, 709 F.2d 782, 789 (2d Cir

1983).  Where the moving party seeks solely to relitigate an already decided issue, the motion should not be granted.  <u>Shrader v. CSX Transp., Inc.</u>, <u>supra</u>.

   The instant motion rests on the conclusory, unsupported assertion that Global has a claim under the TCA that is not dependent on issues before the Second Circuit.  Absent is any reference to case law or even the specific provisions in the TCA that allegedly enables Global, as a "Payphone Service Provider," to sell its "pay telephone assets," even if properly denied a franchise by the City.  Furthermore, the protection Global claims on the ground that it allegedly provides a "telecommunications service" by enabling "users to make telephone calls in exchange for paying Global the required amount," Global's Memorandum of Law, p. 2, is irrelevant as in the absence of a franchise, Global is not legally authorized to provide such service on City sidewalks.  Thus, regardless of how Global is characterized, to the extent that Global seeks to sell locations on City streets, as opposed to payphone equipment, the ability to do so is dependent on the existence of a valid franchise -- the very issue currently before the Second Circuit in the prior case.

   Global also provides no basis for reconsideration of the decision to stay the preliminary injunction motion.  In fact, Global does not even claim that the stay of the preliminary injunction motion was improper.  Rather, Global simply requests that the motion be denied with leave to renew upon the decision by the Second Circuit, as opposed to stayed, to eliminate any question as to the ability to appeal the Court's decision on the preliminary injunction motion.  As the ability to appeal is unrelated to the propriety of a decision, Global also provides no basis for reconsideration of the decision to stay the preliminary injunction motion.

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion for reconsideration should be denied in its entirety.

Dated:        New York, New York
              February 11, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street
                              New York, New York 10007
                              (212) 788-1278


                              By:    _____
                                     Diana M. Murray
                                     Assistant Corporation Counsel